# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYHEAM MANN** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 17-3990** |
| v. | : | |
| | : | |
| **KEVIN KAUFFMAN,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 15th day of August 2018, upon consideration of the petition for writ of *habeas corpus* filed by *pro se* Petitioner Syheam Mann ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1], Respondents' response in opposition to the Petition, [ECF 9], Petitioner's memorandum of law in support of his *pro se* Petition, [ECF 10], the state court record, the Report and Recommendation (the "R&R") issued on February 15, 2018, by the Honorable Thomas J. Rueter, United States Magistrate Judge ("the Magistrate Judge"), [ECF 12], recommending that the Petition be denied, and Petitioner's *pro se* objections to the R&R, [ECF 18], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The Report and Recommendation (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In his *habeas corpus* petition, Petitioner essentially claims that trial counsel provided ineffective assistance by: (1) failing to present exculpatory evidence of Kim Week's theft that would have exonerated Petitioner of robbery; (2) presenting false evidence of other crimes that was known to be incriminating by both counsel and the prosecutor; (3) failing to object to the prosecutor's misconduct during closing arguments; (4) failing to have Petitioner's confiscated shirt tested for gunpowder residue; (5) failing to raise an *Alleyne* claim under the PCRA statute for an illegal sentence; (6) failing to object, properly argue, and raise the court's abuse of discretion in excessively sentencing Petitioner; (7) failing to file a motion *in limine* to exclude uncharged firearms; (8) failing to effectively cross-examine Ryan Glover; (9) failing to investigate/interview Amoy Archer; (10) failing to effectively cross-examine trooper Daryl Elias; (11) failing to object to the prosecutor's elicitation of false testimony from Ryan Glover; and (12) conceding Petitioner's guilt.

In his objections to the thoroughly well-reasoned, thirty-one page R&R, Petitioner expresses his disagreement with the Magistrate Judge's findings and, otherwise, simply reiterates the same arguments of counsel's ineffective assistance made in the Petition. [ECF 18]. Clearly, Petitioner's objections are an attempt to re-litigate the various arguments raised in his Petition. Following its *de novo* review of the Petition, the R&R,

3. Petitioner's petition for a writ of *habeas corpus* is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Petitioner's objections, and the state court record, this Court finds that the Magistrate Judge thoroughly reviewed each of Petitioner's *habeas* claims, and correctly concluded that Petitioner's claims were either procedurally defaulted or without merit. This Court further finds that no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved in its entirety, and Petitioner's objections are overruled.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

2